FILED IN CLERK'S OFFICE
U.S D.C. Atlanta

NOV 2 8 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GARY ERNESTO HINES, JR., | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | 1:02-cv-3390-MHS |
| KASSEEM DEAN, et al., | : | |
| Defendants. | : | |

## ORDER

This action is before the Court on defendants' motions for attorneys' fees. For the following reasons, the Court denies the motions.

## Background

On December 18, 1998, plaintiff Gary Ernesto Hines, Jr., a music producer and professional musician, entered into an Agency Agreement (Agreement) with defendant Kim S. King pursuant to which King agreed to try to find employment for Hines in the areas of "music production, music composition, songwriting, engineering, remix production, or as a bassist." Agreement ¶ 1. The Agreement was for a term of four years but provided

AO 72A
(Rev.8/82)

that it would become "null and void" if King failed to find employment for Hines within six months. Agreement ¶ 7.

After the Agreement was signed, Hines gave King a cassette tape containing a compilation of musical works he had either produced or written. Shortly thereafter, Hines registered the works with the U.S. Copyright Office. Included in the compilation was a track entitled "One on One" and another entitled "Love Like This–Faith Evans Remix."

In January or February of 1999, King informed Hines that she was going to have to focus her attention on assisting the music career of her son, defendant Kasseem Dean p/k/a "Swizz Beatz," a producer of rap and hip-hop music. King told Hines to "hang in there, . . . I am going to get back with you." (Hines Dep. at 121.) However, Hines did not hear from King again.

Some time thereafter, Hines heard a song on the radio entitled "What Y'all Want," which he believed sounded very similar to his music on his remix of "Love Like This." Hines also saw a music video on television of a song

2

entitled "Guilty," which Hines believed was similar to portions of his music on the song "One on One."

The song "What Y'all Want" was produced by Dean and performed by defendant Eve Jeffers. It appears on an album entitled *Ruff Ryders, Ryde or Die Vol. I*, which was released by defendants Ruff Ryders Entertainment, Inc. (Ruff Ryders), and Interscope Records, Inc. (Interscope), and distributed through defendant Universal Music & Video Distribution, Inc. (UMVD).

The song "Guilty" appears on an album entitled *Swizz Beatz Presents Ghetto Stories*, which was released by defendants SKG Music, LLC (SKG), and Dreamworks Records, Inc. (Dreamworks), and distributed through UMVD. Dean rapped lyrics on "Guilty," which was produced by defendant Jason Brown.

Hines attempted to contact King and Dean about the two songs he had heard and their alleged similarity to music on his compilation tape, but they did not return his calls. On December 17, 2002, Hines filed this action against King, Dean, and Ruff Ryders asserting claims for copyright

AO 72A
(Rev.8/82)

infringement, fraud in the inducement of the Agreement, breach of the Agreement, fraud, conversion, conspiracy, breach of fiduciary duty, and violations of the Georgia Racketeer Influenced and Corrupt Organizations (RICO) Act. Hines subsequently filed an amended complaint adding a number of defendants to the copyright infringement claims, including Dean's publishing company, Swizz Beatz Publishing, Inc. (Swizz Beatz Publishing), Dreamworks, SKG, UMVD, and Interscope.

At the joint request of the parties, the Court bifurcated discovery as to liability and damages and required the parties to file any dispositive motions as to liability following completion of that phase of discovery. Following completion of liability discovery, defendants King, Dean, Swizz Beatz Publishing, and Ruff Ryders and defendants Dreamworks, SKG, UMVD, and Interscope filed separate motions for summary judgment.

On March 11, 2005, the Court granted both motions for summary judgment. With respect to plaintiff's copyright infringement claims, the Court concluded that defendants were entitled to summary judgment because they had presented unrefuted expert testimony that there was no substantial

4

similarity of protectable musical expression between plaintiff's works and the allegedly infringing songs. Order of March 11, 2005, at 6. Plaintiff failed to present any contrary expert evidence and instead relied upon his own testimony and the testimony of his attorney that the works in question were substantially similar. To the contrary, the Court found that plaintiff's own testimony included admissions that established the lack of substantial similarity, and that the testimony of his attorney was insufficient to create a genuine issue of fact on this claim. Id. at 9-12.

Following entry of final judgment, defendants Dreamworks, SKG, UMVD, and Interscope (collectively, the Distributor Defendants) and King and Dean filed separate motions for an award of their attorneys' fees pursuant to 17 U.S.C. § 505.

Discussion

Title 17 U.S.C. § 505 provides that, in any civil action for copyright infringement, "the court . . . may award a reasonable attorney's fee to the prevailing party as part of the costs." Such an award is not automatic but is a matter of the Court's discretion. Fogerty v. Fantasy, Inc., 510 U.S. 517, 534

(1994). Prevailing plaintiffs and prevailing defendants are to be treated alike. Id. Among the factors to be considered by the Court in deciding whether to award attorney's fees to a prevailing party are "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Id. n.19 (quoting Lieb v. Topstone Indus., Inc., 788 F.2d 151, 156 (3rd. Cir. 1986)).

Defendants argue that they are entitled to an award of attorneys' fees because plaintiff's claims were frivolous and objectively unreasonable. They also argue that an award is appropriate in order to deter prospective plaintiffs from bringing such claims in the future and to compensate defendants for the time and money they were forced to expend in defending a baseless lawsuit. In addition, the Distributor Defendants argue that plaintiff's claims against them were improperly motivated by a desire to gain leverage over the individual defendants in what was essentially a private contractual dispute.

In response, plaintiff contends that his claims were not frivolous because he subjectively believed that the songs were substantially similar. He also relies on the affidavit of his initial counsel in this matter, Stephen T. La Briola. Mr. La Briola states that he consulted a music expert at the University of California at Santa Barbara who, although he was not retained and did not issue a written report, expressed his belief that the works in question exhibited enough similarities "that he could support the filing of an action for copyright infringement." (La Briola Aff. ¶ 4.) Plaintiff contends that he was ultimately unable to afford an expert witness and thus was forced to rely on his own testimony and that of his attorney to support his claim of substantial similarity. Plaintiff also cites the undisputed fact that defendants King and Dean had access to his copyrighted works, and that immediately after obtaining the works, King essentially abandoned all efforts to perform under their Agreement. Finally, plaintiff argues that his only motivation in adding the Distributor Defendants was to include all proper parties in this litigation.

The Court concludes that an award of attorneys' fees to defendants in this case is not warranted. Although defendants ultimately prevailed,

7

plaintiff's claims were not completely unsupported by any evidence. The fact of access to the copyrighted works was not disputed, and defendant King's abandonment of plaintiff after obtaining the works arguably provided plaintiff reasonable grounds for suspicion. In addition, plaintiff testified about similarities he perceived in the works, although his own admissions of dissimilarities ultimately undermined his claims. Finally, plaintiff also offered the testimony of his attorney, who claimed that she perceived substantial similarities in the songs, although the Court ultimately found this testimony insufficient to avoid summary judgment.

This case is distinguishable from the cases on which defendants rely. In <u>Amadasun v. Dreamworks, LLC</u>, 359 F. Supp. 2d 1367 (N.D. Ga. 2005), Judge Carnes awarded attorneys' fees to the prevailing defendants in a copyright infringement action. However, in that case, unlike this one, the plaintiff brought his copyright infringement claim on the basis of works that were not even copyrighted, and he also failed to show that defendants had access to the works.

Similarly, in <u>Arclightz and Films Pvt. Ltd. v. Video Palace, Inc.</u>, No. 01 Civ.10135(SAS), 2003 WL 22434153 (S.D. N.Y. Oct. 24, 2003), undisputed physical evidence showed that defendants lacked the capacity to produce the infringing DVDs at issue, and plaintiffs put forward no evidence to show that defendants had replicated those DVDs. Here, on the other hand, there was no dispute that defendants had access to plaintiff's works and could have copied them, and plaintiff put forward some evidence, albeit weak, that the works in question were similar.

This case is more like <u>Brewer-Giorgio v. Bergman</u>, 985 F. Supp. 1478 (N.D. Ga. 1997), cited by plaintiff. In that case, like this one, it was undisputed that the defendants had access to plaintiffs' copyrighted works, but the evidence ultimately showed that the defendants' allegedly infringing work was not substantially similar to plaintiffs'. Although the defendants thus prevailed on their motion for summary judgment, Judge Forrester denied their request for attorneys' fees because he found that plaintiffs' claims were not objectively unreasonable at the time the action was filed. <u>Id.</u> at 1483. Likewise, the Court finds that plaintiff's copyright infringement

claims in this case were not objectively unreasonable at the time the complaint was filed.

Summary

For the foregoing reasons, the Court DENIES defendants' motions for attorneys' fees [#83, #84].

IT IS SO ORDERED, this 23rd day of November, 2005.

_____
Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia